UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Manuel GUTIERREZ–CISNEROS,
Defendant—Appellant.

No. 05–50196.

D.C. No. CR–04–01242–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2006.

Decided March 15, 2006.

U.S. Attorney, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before KOZINSKI, TROTT and BEA, Circuit Judges.

KOZINSKI, Circuit Judge, dissenting.

MEMORANDUM *

Appellant, Jose Manuel Gutierrez–Cisneros, appeals his conviction, arguing that the district court abused its discretion when it improperly admitted two pawn

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

slips and allowed the government to argue facts not in evidence during closing argument. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court properly exercised its discretion by admitting the pawn slips into evidence. The pawn slips were not poverty evidence but circumstantial evidence used to corroborate Gutierrez–Cisneros's statements to law enforcement. His testimony on direct examination that he did not expect to be paid cash for moving marijuana across the border and his testimony on cross examination that he lied about needing cash tended to show that he did not know there was marijuana in the car. His admission to law enforcement that he "needed the cash" tended to show he did know of the marijuana. His failure to redeem his pawned goods is consistent with and buttresses the credibility of the admission that he "needed the cash." Accordingly, the pawn slips were not poverty evidence because they were not admitted to "show the mere fact that the defendant [wa]s poor." *See United States v. Romero–Avila*, 210 F.3d 1017, 1022 (9th Cir.2000) (internal citations and quotation marks omitted).

■ The prosecutor's statement that Gutierrez–Cisneros "tried to get away" was a reasonable inference from the evidence. *See United States v. Hermanek*, 289 F.3d 1076, 1100 (9th Cir.2002). The arresting officer testified that Gutierrez–Cisneros "resisted" going to the security office, that he "put up a little struggle," and that as a result of the resistance, another officer came to help remove Gutierrez–Cisneros. Thus, the prosecutor's statement that Gutierrez–Cisneros "tried to get away" was reasonable.

AFFIRMED.

KOZINSKI, Circuit Judge, dissenting.

This should have been an easy case. Defendant was driving a car that had been reported stolen, with over 15 pounds of marijuana in the trunk. With no encouragement, defendant volunteered to an officer at the scene that he had smuggled the marijuana for money and that he knew about a drug operation in Guadalajara. For reasons that are hard to understand, however, the prosecution muddied the waters by introducing—over defendant's objection—two pawn shop receipts. Because the government did not argue on appeal that the district court's error in admitting these receipts was harmless, we must reverse defendant's conviction.

According to my colleagues, the pawn shop receipts were relevant to "buttress[ ] the credibility of [defendant's] admission that he 'needed the cash,' " maj. at ——,[1] something he had denied on the stand. But why do we care whether defendant needed cash at the time of his arrest? I can think of only two reasons, both bad.

One reason for proffering the receipts would have been to show defendant's character for untruthfulness. Defendant's testimony that he didn't need cash when he was arrested contradicted his statement at the time of his arrest that he *did* need cash. But, as explained below, defendant's need for cash was not relevant in and of itself. Rather, the need for cash was relevant only to show that defendant *lied* about needing cash, and therefore that he might have lied about other things (such as his claim, at trial, that he didn't know about the drugs).

The problem, of course, is that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness ...

1. As I explain below, I have serious doubts that the receipts showed anything of the sort.

may not be proved by extrinsic evidence." Fed.R.Evid. 608(b). The receipts were extrinsic evidence. Under Rule 608(b), the receipts were inadmissible to cast doubt on defendant's character for truthfulness.

A second reason would be to show motive, that is, that defendant smuggled drugs into the country because he needed money. But, as we explained in *United States v. Mitchell*, 172 F.3d 1104 (9th Cir. 1999),

[p]overty as proof of motive has in many cases little tendency to make theft more probable. Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.

*Id.* at 1108–09. Under *Mitchell* and Federal Rule of Evidence 403, the pawn shop receipts were inadmissible to prove motive.

My colleagues argue that the evidence was relevant because "[defendant's] failure to redeem his pawned goods is consistent with and buttresses the credibility of the admission that he 'needed the cash,'" therefore "tend[ing] to show he did know of the marijuana." Maj. at ——. But what does needing cash have to do with knowing there was marijuana in the car? At best, the need for cash was a non-sequitur; at worst, it was a prejudicial thumb on the scale of defendant's guilt. *See Mitchell*, 172 F.3d at 1108–09.

Because defendant raised a timely objection to admission of the receipts,[2] and be-

cause the government inexplicably failed to argue harmless error on appeal, we can affirm defendant's conviction only if the harmlessness of the district court's error is not reasonably debatable. *See United States v. Gonzalez–Flores*, 418 F.3d 1093, 1101 (9th Cir.2005). Personally, I don't see how receipts of two-month old pawn transactions for $40 worth of merchandise show anything about defendant's financial status at the time of his arrest. But my colleagues believe otherwise, and they are reasonable men. Accordingly, the harmlessness of the district court's error was reasonably debatable, *see id.*, and we must reverse defendant's conviction.

---

**2.** Although defense counsel did not state the basis for her objection, *see* Fed.R.Evid. 103(a)(1), that was because she got only as far as "Your Honor—" before the district court cut her off and overruled the objection. Because defense counsel was not given a chance to state the basis for her objection, we must assume that she would have articulated the correct objection if allowed to speak.

